
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-770

| | |
|---|---|
| JEAN DORAN<br><div align="right">APPELLANT</div> | **Opinion Delivered:** April 16, 2014 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br><div align="right">APPELLEE</div> | [NO. PR-13-227]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>REMANDED FOR SUPPLEMENTATION OF THE RECORD; SUPPLEMENTATION OF THE ADDENDUM ORDERED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's order committing appellant to the protective custody of the Arkansas Department of Human Services (DHS). On appeal, appellant argues that the circuit court erred in finding that (1) the evidence presented clearly and convincingly established that appellant was in need of long-term placement in DHS's custody, and (2) the least restrictive means of placement was institutional care. Because the record and addendum are incomplete, we remand for supplementation of both.

On April 23, 2013, DHS's Adult Protective Services hotline received a referral on appellant alleging that appellant was blind, paranoid regarding having cataract-removal surgery, unable to get to the grocery store or prepare food, had no transportation, and

could not bathe. Visits to appellant were attempted by Louise Spaunhurst[1] on the following two days, but appellant would not come to the door and yelled for Spaunhurst to go away on both visits. However, though appellant would not allow Spaunhurst to enter her home, Spaunhurst was able to speak with appellant on the phone. A seventy-two-hour hold was taken on appellant on April 25, 2013, but appellant refused to leave her home.

On April 26, 2013, DHS filed a petition for emergency custody of appellant pursuant to the Adult Maltreatment Custody Act[2] and, alternatively, the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act.[3] In the petition, DHS argued that appellant's circumstances and conditions were such that returning to or continuing at the appellant's place of residence or in the care and custody of a parent, guardian, or other person responsible for appellant's care presents imminent danger to appellant's health or safety. It also argued that appellant lacked the capacity to comprehend the nature and consequences of remaining in a situation that presents imminent danger to her health or safety and that appellant had mental and physical impairments that prevented her from protecting herself from imminent danger to her health or safety. DHS specifically requested that law enforcement and appropriate medical personnel be directed to assist DHS in obtaining custody of appellant.

---

[1] Spaunhurst is a registered nurse with DHS's Adult Protective Services.

[2] Ark. Code Ann. §§ 9–20–101 to –121 (Repl. 2009).

[3] Ark. Code Ann. §§ 28–74–101 to –505 (Repl. 2009).

An ex parte order for emergency custody was entered on April 26, 2013, finding probable cause to believe that grounds existed, as alleged by DHS, to take emergency custody of appellant. In support of its probable cause finding, the court cited the affidavit of Spaunhurst, noting that appellant suffers from "blindness, frontal lobe dementia, reasoning impairment, left ventricular hypertrophy, paranoia, and congestive heart failure." The court also cited "statements from five of the [appellant's] physicians that the [appellant] is unsafe to be on her own and cannot make decisions for herself."[4] We only have statements from two physicians in the record: Dr. Robert Baker[5] and Dr. Margaret Tremwel. Even if we accept the affidavit of Spaunhurst as a physician's statement, though she is in fact a registered nurse, the record before us is still missing two statements.

Arkansas Rule of Appellate Procedure–Civil 6(e) states that if anything material to either party is omitted from the record, the appellate court, on its own initiative, may direct that the omission shall be corrected and that a supplemental record be certified and transmitted.[6] The missing physician statements are material to this matter because the court relied on those statements in finding probable cause to issue an ex parte order for emergency custody of appellant. Therefore, we remand for supplementation of the record, correcting the above-referenced deficiencies within thirty days.

---

[4] It appears that the five statements may have been attached to DHS's petition for emergency custody as the court states, "The Petitioner's affidavit provides evidence . . . with statements from five of Respondent's physicians."

[5] Dr. Baker's affidavit was admitted as part of the record at the long-term custody hearing.

[6] (2012).

Because the physician statements were not included in the record, they also were not included in the addendum. Arkansas Supreme Court Rule 4-2(a)(8) requires appellant to submit an addendum containing true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to understand the case and to decide the issues on appeal.

Because we do not have the physician statements, we do not have all the evidence which informed and supported the court's medical findings and its assertion that five physicians opined that appellant could not care for herself. Accordingly, we order appellant to submit a supplemental addendum correcting the above-referenced deficiencies within fifteen days from the date on which the supplemental record is filed.

We encourage appellant's counsel to review Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals to ensure that the supplemental record and supplemental addendum comply with the rules and that no additional deficiencies are present.

Remanded for supplementation of the record; supplementation of the addendum ordered.

GLADWIN, C.J., and WOOD, J., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tabitha B. McNulty*, for appellee.

SLIP OPINION